CURTIS B. COULTER, ESQ., NSB 3034
STACEY UPSON, ESQ., NSB 4773
Coulter Harsh Law
403 Hill Street
Reno, Nevada 89501
Tel (775) 324-3380
Fax (775) 324-3381
ccoulter@coulterlaw.net

LEON GREENBERG, ESQ., SBN 8094
RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
Leon Greenberg Professional Corporation
1811 South Rainbow Blvd- Suite 210
Las Vegas, Nevada 89146
Tel (702) 383-6085
Fax (702) 385-1827
leongreenberg@overtimelaw.com
Ranni@overtimelaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT POMER, ALLAN ARTEAGA-BROWN, and MICHAEL MAIENSCHEIN individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RENO CAB COMPANY, ROY L. STREET, ROBIN STREET, FRANK STREET, and BRITTANY STREET<br><br>Defendants. | Case No.:<br><br>3:22-cv-00014-MMD-CLB<br><br>**ORDER APPROVING SETTLEMENT** |

The plaintiffs, SCOTT POMER, ALLAN ARTEAGA-BROWN, and MICHAEL MAIENSCHEIN, and the defendants, RENO CAB COMPANY, ROY L. STREET, ROBIN STREET, FRANK STREET, and BRITTANY STREET, by and through their respective counsel, having filed a Joint Motion to Approve Settlement (Doc. 71, the "Settlement Motion"), seeking an Order approving the proposed settlement of this case, as set forth in their Stipulation of Settlement, at Ex. "A" thereto, and the Court, after due deliberation, and with good cause having been shown, hereby makes the following findings of fact and conclusions of law:

For the reasons stated in the Settlement Motion, the proposed settlement of this case as set forth in the parties' Stipulation of Settlement, to be made in conjunction with and dependent upon the final approval the proposed class action settlements of two cases pending in the First Judicial District Court of the State of Nevada captioned *Shatz et al. v. Street,* and *Myers et al. v. Reno Cab,* (collectively the "*Myers* Litigation") is appropriate and warrants approval by this Court.

This case and the *Myers* Litigation both seek relief under Article 15, Section 16, of the Nevada Constitution for unpaid minimum wages allegedly owed to the defendants' taxicab drivers. This case additionally seeks to make claims under the Fair Labor Standards Act (the "FLSA") for unpaid minimum wages and to impose liability on certain additional, non-corporate, defendants, under the FLSA, for the 38 FLSA "opt in" plaintiffs in this case.

While there is a small difference in the nature of the relief available to the plaintiffs in the *Myers* Litigation and this case the controlling issues of fact and law in both cases are identical. The plaintiffs in both cases were taxi drivers who leased taxicabs from the defendant Reno Cab Company or a related taxicab company Capital Cab, pursuant to written agreements stating they were independent contractors, not employees. The defendants insist all of those taxi drivers, and all of the plaintiffs in both cases, were not employees and have no right to seek unpaid minimum wages from the defendants, whether under Nevada law or the FLSA. Whether the plaintiff taxi drivers in these cases were, as a matter of law, employees entitled to minimum wages, or independent contractors without any such right, is resolved under the FLSA's "economic realities" test, whether such minimum wage claim was made under Nevada law or the FLSA. *See, Myers v. Reno Cab Co.,* 492 P.3d 545 (Nev. Sup. Ct. 2021) (en banc).

The *Myers* Litigation involves the proposed class action settlement, pursuant to Rule 23, for over 800 taxi drivers. Two of the FLSA plaintiffs in this case, Daniel Boynton and Clifton Bruce, are not *Myers* Litigation class members, the Court being advised they only drove a taxi for three or eight shifts, respectively, for Reno Cab during the relevant time period. As a result, the Court is advised they do not present claims for minimum wage related damages cognizable as part of the *Myers* Litigation settlement but are to receive payments of $50 each in settlement of their claims in this case. The remaining 36 FLSA plaintiffs in this case are members of

the class of plaintiffs proposed for participation in the *Myers* Litigation class action settlement. Those 36 FLSA plaintiffs receive additional potential benefits under the FLSA (an opportunity to collect double or liquidated damages that is not provided for by Nevada law) and under Nevada law (a right to the payment of a higher hourly minimum wage than the one provided by the FLSA). The state court in the *Myers* litigation will be charged with making appropriately supported, and thorough, findings, as to the adequacy and fairness of that proposed class action settlement, involving only Nevada state law claims, as required by Rule 23. Given the far greater scope of the *Myers* Litigation, involving approximately 22 times as many taxi drivers, the Court believes it can appropriately rely upon the state court overseeing the *Myers* Litigation to make findings as to the fairness and adequacy of the settlement of the claims of those 36 FLSA opt-in plaintiffs in this case under Nevada law. Those state law claims, subsumed within the broader *Myers* Litigation class action settlement, involves most of the relief available to those 36 plaintiffs in this case under the FLSA, and those 36 plaintiffs are proposed *Myers* Litigation class members. As a result, as requested by the parties and as envisioned by their proposed Settlement, this Court, confines itself to determining whether the proposed settlement of those 36 plaintiffs' rights to unique relief under the FLSA is properly granted approval.

Subject to the state court's ultimate approval of the proposed *Myers* Litigation class action settlement, the Court grants approval of the parties'

settlement of this case under the FLSA as provided for in their Stipulation of Settlement. In doing so the Court observes it is hotly disputed whether the plaintiffs were employees of the defendants, meaning a bona fide dispute exists as to whether the plaintiff are entitled to relief under the FLSA, a requirement for any settlement of FLSA claims to be approved. *See, Lynn's Food Stores Inc., v. United States*, 679 F.2nd 1350, 1354 (11th Cir. 1982). As *Lynn's Food* also holds, it is incumbent upon the district court to find any proposed FLSA settlement is fair. *Id.* That "fairness" requirement is not expounded upon in *Lynn's Food* but most courts have used the factors considered in approving class action settlements under Rule 23 to determine whether an FLSA settlement should be approved. *See*, *Silva v. Miller*, 547 F. Supp. 2d 1299, 1303-04 (S.D. Fla. 2008) and other cases. Those factors are discussed in *Churchill Vill. v. Genl. Elec.,* 361 F.3d 566, 575-76 (9th Cir. 2004).

The parties' Settlement Motion asserts the Court's evaluation of the "fairness" of the proposed settlement, in light of the proposed *Myers* Litigation class settlement and the other relevant circumstances, should involve a more limited inquiry than if the Court were approving a Rule 23 class action settlement. The parties point out that the FLSA's "opt in" process means this case's settlement will not resolve the claims of any unknown or unknowing "silent" class members that Rule 23 acts to protect. In addition, that process was expressly set up by Congress to allow individuals to litigate their FLSA claims as a voluntary "collective" while not

necessarily ceding control over their legal claims to a representative, as in a Rule 23 class action. *See, Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018).  The parties have fashioned their proposed settlement of this case with robust protections for the 38 individual plaintiffs, allowing them to pursue individually, and in an unimpeded fashion, their claims in a further, separate, litigation if they believe the proposed settlement is inadequate.  They argue as a result the Court should grant approval to the proposed Settlement, subject to the state court's approval of the *Myers* Litigation class action settlement, since it provides some meaningful measure of additional relief under the FLSA to the 38 plaintiffs that they would not receive as *Myers* Litigation class members.  The Court agrees and in considering the fairness of the proposed settlement limits itself to reviewing the proposed Settlement's provisions that are unique to the 38 FLSA plaintiffs in this case, such Settlement proposing to settle this case otherwise subject to the approval of the state court overseeing the *Myers* Litigation.

      This case was filed in January of 2021 and the FLSA's minimum hourly wage is and was $7.25 an hour during the entire time period at issue in this case.  During that same time period the Nevada minimum hourly wage was consistently higher, at least $8.25 an hour and currently is $11.25 an hour.  As a result, the FLSA offers the 38 plaintiffs in this case no minimum wage recovery they cannot secure (and in a higher amount) in a Nevada state law case, such as the *Myers* Litigation.  But the FLSA provides an additional liquidated (double damages)

remedy pursuant to 29 U.S.C. Sec. 216(b) that would not be available to the 38 FLSA plaintiffs in this case under Nevada law.

The Court finds the proposed Settlement's terms, that are unique to the 38 FLSA plaintiffs in this case and secure a benefit specifically to them separate and apart from the proposed *Myers* Litigation settlement, are fair.  It grants approval to those terms, with the entirety of the proposed Settlement's approval being further subject to final approval by the state court overseeing the *Myers* Litigation.   In making that finding the Court observes that those terms applicable to the FLSA claims at issue are not indicative of any collusion or unfairness.   They provide a service award payment of $1,000 each to the four named plaintiffs in this case. The 38 FLSA plaintiffs will also share in a $4,000 separately reserved settlement fund in addition to their share of the settlement fund available for distribution to all of the *Myers* Litigation class members.   The 36 FLSA plaintiffs in this case eligible to do so will, unless they elect to exclude themselves, be Participating Claimants in the *Myers* Litigation class settlement and will receive a *pro rata* share of what is estimated to be a net settlement fund of at least $152,000 that will be fully distributed to all claiming *Myers* Litigation class members.   The Settlement also requires written notice to all of the 38 plaintiffs in this case of the proposed Settlement and grants them the right to exclude themselves from the Settlement and a toll of the statute of limitations if they elect to do so, allowing them to

commence a new and separate FLSA action that will not be impaired in any fashion.

It is hereby Ordered that:

The Settlement of this case is approved pursuant to the terms proposed by the parties in the Settlement Motion and their Stipulation of Settlement (Doc. 71, Ex. "A").

Within 20 days of the entry of this Order, and as provided for in the Stipulation of Settlement, plaintiffs' counsel shall mail to each of the 39 plaintiffs in this case a copy of the Settlement Advisement Letter provided as an exhibit to the Stipulation of Settlement.  Plaintiffs' counsel shall 91 days thereafter file a statement with the Court confirming the Settlement Advisement Letter has been so mailed and advising the Court of any plaintiffs who have elected to exclude themselves from the settlement.

Plaintiffs' counsel shall advise the Court of the *Myers* Litigation's proposed settlement's approval by the state court within 10 days of the effective date of that settlement occurring and file a motion to have this Court enter a final judgment dismissing this case with prejudice as to all plaintiffs except those, if any, who elected to exclude themselves in a timely fashion as provided for in the previous paragraph, any such excluding plaintiffs to have a statute of limitations toll on the commencement of a new FLSA action as provided for in the Stipulation of Settlement.  In the event *Myers* Litigation's proposed settlement's effective date

8

does not occur by November 1, 2024, the plaintiffs' counsel shall file a status report with the Court advising it of the status. This case is otherwise stayed for all purposes.

IT IS SO ORDERED:          DATED this 5th day of June 2024.

_____
United States District Judge